IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANICE ALTADONNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 04-CV-546-WDS |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for attorney's fees pursuant to the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412, to which the government has not responded. Plaintiff has properly attached an itemized statement of fees to her motion.

> The EAJA provides that a district court may award attorney's fees where 1) the claimant is a "prevailing party"; 2) the government's position was not substantially justified; 3) no "special circumstances make an award unjust"; and 4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A), (B).

*United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (cite omitted).

Here, plaintiff has satisfied all prongs of the test. Plaintiff is a prevailing party. In fact, the government stipulated to the reversal and remand of this action, and has not responded to plaintiff's motion for attorney's fees.[1] The Court does not find any special circumstances that would make an award unjust. Accordingly, the Court **GRANTS** plaintiff's motion for attorney's

---

[1] "Once a party establishes that it is the prevailing party, the burden shifts to the government to demonstrate that its litigation position was substantially justified. *Rohan v. Barnhart*, 306 F. Supp.2d 756, 774 (N.D. Ill. 2004) (cite omitted).

fees.[2]   Plaintiff is hereby awarded $2,343.75 in attorney's fees.[3]

**IT IS SO ORDERED.**

**DATED: June 15, 2005**

s/ WILLIAM D. STIEHL<br>DISTRICT JUDGE

---

[2] With respect to the 30-day requirement, judgment was entered in this Court on March 16, 2005, and plaintiff did not submit his fee application until May 26, 2005, more than thirty days later. However, the 30-day period does not being to run until the time for taking an appeal (here, 60 days) has expired. See, 28 U.S.C. § 2412(d)(2)(G); *McDonald v. Schweiker*, 726 F.2d 311, 314-16 (7th Cir. 1984). Accordingly, plaintiff's motion was timely filed.

[3] Plaintiff has properly limited her fees to the statutory cap of $125 per hour. 28 § 2412(d)(2)(A).